Samuel M. Gold, J.
The court is satisfied from the papers before it that the defendant is presently unable to pay more than $12.50 per week on account of the judgment. Section 764 of the Civil Practice Act, as amended in 1940, expressly provides that the issuance of an execution against a person “ shall rest in the discretion of ” the court, even in a case “ where the plaintiff’s right to arrest the defendant depends upon the nature of the action ’ ’.
Issuance of a body execution is likely to interfere with defendant’s present position, and it may even cause him to lose his position. It cannot increase or improve defendant’s ability to pay the judgment. A proper exercise of the court’s discretion, in the circumstances, requires that the motion be denied, on condition that defendant pay $12.50 per week on account of the judgment, that being the maximum that he is able to pay after providing for the support of himself and his family.
Imprisonment for debt is no longer favored by the law. Only if the judgment debtor is able to pay is there justification for granting a body execution in a ease where the court is given discretion to grant or deny that remedy. This appears to have been the view taken by the Appellate Term in this Department in American Guar. & Liab. Ins. Co. v. Conran (140 N. Y. S. 2d 333). In that case, the court conditioned the denial of the application for a body execution upon the making of payments in an amount which it deemed the defendant able to make.
Motion denied on condition that defendant pay $12.50 per week on account of the judgment.